## CIRCUIT COURT OF THE CITY OF NORFOLK

Ronald E. Hewlette, Jr.

v.

Dirk Proffer et al.

v.

Hae Koh
and Medical Center
Hospital Pathology
Associates, Ltd.

October 16, 2001

Case No. (Law) L00-569

BY JUDGE CHARLES E. POSTON

Today, in this medical malpractice action, the Court sustains Sentara Hospital's plea of the statute of limitations.

The plaintiff alleges in his action, originally filed on March 30, 1998, that Sentara is liable to him for the negligence of Dr. Hae Koh, a pathologist, on a theory of *respondeat superior*. He also alleges that Sentara is liable in damages for permitting Dr. Koh to practice in its facilities when it knew or should have known that her abilities were impaired as a result of her being struck by lightening. On December 12, 1995, the plaintiff suffered a fractured femur in a motorcycle accident. He was transported to Virginia Beach General Hospital and examined by an emergency room physician who called for an orthopedic consultation. Dr. Dirk Proffer answered the call for a consultation and performed an operation to repair the fracture.

On January 29, 1996, the plaintiff was admitted to Sentara Bayside Hospital for treatment of an abscess on his right thigh. That same day, Dr. Proffer operated on the abscess and sent tissue and bone specimens to the

Hospital's pathology laboratory for analysis. Dr. Koh, the third-party defendant in this action, analyzed the specimens. On February 1, 1996, she reported that the lesion was benign. Unfortunately, Dr. Koh's diagnosis was incorrect because the plaintiff's right leg was cancerous. Relying on Dr. Koh's diagnosis, Dr Jacobsen applied an Ilizarof frame to the plaintiff's leg. The plaintiff was discharged from the hospital on March 12, 1996.

From March 14, 1996, to March 23, 1996, and again from April 18, 1996, to May 20, 1996, the plaintiff was again a patient in Sentara Bayside Hospital. He was readmitted on July 1, 1996, and on July 3, 1996, his leg was amputated above the knee. During this stay, Dr. Koh performed a gross examination on the amputated leg.

In October 1996, the plaintiff had a twelve-day admission to Sentara Bayside Hospital for problems related to his right leg. He was admitted to Sentara Norfolk General Hospital for treatment of an infection of his right stump from April 8, 1997, to April 16, 1997. During the course of an extended admission to Sentara Norfolk General Hospital from April 25, 1997, to August 13, 1997, the plaintiff was diagnosed with spindle cell sarcoma for which he underwent treatment.

During all of the periods relevant to this action, Dr. Koh was employed by Medical Center Hospital Pathologists Associates, Ltd. Under the terms of a contract with Sentara, Pathologists' employees practiced at various Sentara facilities. The plaintiff has admitted that Sentara did not have the power to control the manner and methods by which Dr. Koh exercised her professional skill and judgment.

Regardless of the theory on which liability of Sentara may be based, its liability, if any, occurred when a cause of action arose against Dr. Koh. It is clear in Virginia that the statute of limitation begins to run when the cause of action arises. Code § 8.01-230. The applicable period of limitations is found in Code § 8.01-243(A) and is a two-year period. Dr. Koh's alleged negligence occurred on February 1, 1996, when she reported that the plaintiff's lesion was benign. Although she performed a gross examination of the plaintiff's amputated leg at a later date, she made no further diagnoses that affected the course of the plaintiff's illness or treatment. Her treatment of the plaintiff ended on February 1, 1996, and by the plaintiff's own admission, his injury from her alleged negligence first occurred before February 19, 1996. See Request Number 12 of the Requests for Admissions propounded by the third-party defendants to the plaintiff on June 1, 2001, and his answer thereto. Nevertheless, the plaintiff urges that the continuing treatment rule extends the commencement of the limitations period.

The continuing treatment rule was stated in *Farley v. Goode*:

> [W]hen malpractice is claimed to have occurred during a continuous and substantially uninterrupted course of examination and treatment in which a particular illness or condition should have been diagnosed in the exercise of reasonable care, the date of injury occurs, the cause of action for that malpractice accrues, and the statute of limitations commences to run when the improper course of examination, and treatment, if any, for that particular malady terminates.

219 Va. 964, 976 (1979). *Farley* recognized a significant limitation to this rule:

> Where the malpractice complained of constitutes a single, isolated act, however, the rule of decision announced in *Hawks v. DeHart, supra,*[1] will continue to apply.

*Farley*, at 980. The rule in *Hawks* provides:

> We are committed in Virginia to the rule that in personal injury actions the limitation on the right to sue *begins to run when the wrong is done* and not when the plaintiff discovers that he has been damaged.

*Hawks v. DeHart*, 206 Va. 810, 813 (1966) (emphasis supplied).

The plaintiff first filed suit on this cause of action on March 30, 1998, almost two months after Dr. Koh's diagnosis. Although the plaintiff may have suffered grave consequences from Dr. Koh's diagnosis, it is nevertheless clear that her diagnosis constituted a single, isolated act in the course of his treatment. The Court is of the opinion that the statute of limitations with respect to Dr. Koh began to run on February 1, 1996, and that any action against her or based on her diagnosis is barred. The Court declines the defendants' invitation to hold that the continuing treatment rule does not apply to pathologists.

The action will be dismissed with prejudice as to Sentara Hospital and Sentara Hospital's third-party claim against Dr. Koh and Medical Center Hospital Pathology Associates, Ltd., will likewise be dismissed with prejudice.

---

[1] 206 Va. 810 (1966).